IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISSAC BILAL PEARSON, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:21-cv-206-KRG-KAP |
| SERGEANT WOZNAK, | : |
|     Defendant | : |

<u>Report and Recommendation</u>

<u>Recommendation</u>

Defendant's motion for summary judgment at ECF no. 47 should be granted.

<u>Report</u>

In November 2021, Issac Pearson, serving a 17-34 year sentence at S.C.I. Somerset, filed a complaint subject to the Prison Litigation Reform Act making two claims against defendant Woznak, a corrections officer there. Pearson first alleged that Woznak violated the Eight Amendment in September 2021. That claim has been dismissed. Pearson's second claim was that in the month before Pearson filed his complaint, Woznak violated the First Amendment by retaliating against Pearson for filing a grievance. After discovery, Woznak filed a motion for summary judgment on the grounds that the evidence of retaliation is inadequate and that Pearson failed to exhaust administrative remedies under the DOC's administrative remedy system, DC-ADM 804, before filing suit. Pearson did not reply.

Summary judgment should be granted for lack of opposition to the motion. It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. <u>Talley v. Pa. Dep't of Corr.</u>, No. 20-1278, 2024 WL 3272909, at *2 (3d Cir. July 2, 2024), *quoting* <u>P.R.B.A. Corp. v. HMS Host Toll Roads, Inc.</u>, 808 F.3d 221, 224 n.1 (3d Cir. 2015). As the nonmoving party, Pearson cannot rely on his pleadings: he must go beyond the pleadings and designate specific facts **showing** that there is a genuine issue for trial. *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). He has not done so. Most importantly, Exhibit F to the motion for summary judgment, giving Pearson's extensive grievance history, is unrefuted. *See* ECF no. 50-6.

If reaching the merits is deemed a worthwhile use of the court's time despite Pearson's abandonment of his claim - and more importantly, Pearson's inability to point to any evidence of injury from any alleged retaliation - there is no genuine dispute of fact that Pearson filed his complaint before exhausting administrative remedies. Pearson alleged that the retaliation took place in early October 2021. On or about September 26,

2021, Pearson filed a grievance over the alleged Eighth Amendment claim, *see* ECF no. 50-7, record of Grievance No. 947460, (Pearson includes his copy of his initial grievance as an exhibit to his Amended Complaint at ECF no. 26) but Pearson never even began the grievance process as to the retaliation claim.

It is therefore certain that Pearson did not exhaust his administrative remedies for the retaliation claim under the three-step process mandated by DC-ADM 804, which is the relevant (and exclusive) administrative remedy, *see* <u>Prater v. Department of Corrections</u>, 76 F.4th 184 (3d Cir. 2023), before commencing this action. As the Court of Appeals described it in <u>Prater</u>:

> ADM 804 creates the three-step Inmate Grievance System. First, an inmate must submit a grievance to the Facility Grievance Coordinator. The grievance must include the relevant facts, individuals involved, claims alleged, and relief sought. A different official—the Grievance Officer—reviews the grievance and submits an initial response. The inmate may appeal the initial response to the Facility Manager, who reviews it and issues a decision. The inmate may file a final appeal to the Secretary of Corrections' Office of Inmate Grievances and Appeals.

*Id.*, 76 F.4th at 203–04.

Pearson's original complaint, signed November 15, 2021, refers to having filed one, not multiple grievances. In the Amended Complaint that the court *sua sponte* invited Pearson to file and that gives the clearest version of Pearson's allegations, Pearson pleads only that he used the grievance process as to the Eighth Amendment claim (and if that claim had not already been dismissed, Pearson's assertion that the administrative remedy process was completed in May 2022 would have doomed that claim too) in September 2021. Pearson tacitly admits that he never grieved any retaliation claim, only that he reported "every event of 'Retaliation'" to his unit counselor and had that event "recorded." ECF no. 26, ¶13. Pearson did not and could not have included the alleged retaliatory conduct of early October 2021 in Grievance No. 947460 that had been filed in September 2021.

The Court of Appeals has made it clear that to exhaust a claim under the PLRA, a prisoner must **complete**, not just begin, the administrative review process in accordance with the prison's grievance policies. <u>Talley v. Clark</u>, No. 19-3797, 2024 WL 3611794 at *3 (3d Cir. Aug. 1, 2024)(noting that *sua sponte* dismissal is permissible where a prisoner's failure to exhaust is apparent from the face of the complaint, *Id*. 2024 WL 3611794 at *4). The circuit observed that:

> The PLRA, 42 U.S.C. § 1997e(a), provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until**

such administrative remedies as are available are exhausted." The exhaustion mandate is a "centerpiece" of the statute, *see Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), that serves three important statutory goals: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits," *Spruill*, 372 F.3d at 230. The PLRA requires "proper exhaustion," *Woodford*, 548 U.S. at 93, 126 S.Ct. 2378, which means "**complet[ing]** the administrative review process in accordance with the applicable procedural rules," *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (quoting *Woodford*, 548 U.S. at 88, 126 S.Ct. 2378). The only limit on § 1997e(a)'s mandate is that "administrative remedies must be available to the prisoner" as both a formal and practical matter. *Id.* (citing *Ross v. Blake*, 578 U.S. 632, 641–42, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016)).

Talley v. Clark, No. 19-3797, 2024 WL 3611794, at *2 (3d Cir. Aug. 1, 2024)(my emphasis). There is no question that Pearson had access to the remedy process because he used it to grieve his Eighth Amendment claim during the time he alleges the First Amendment violation was taking place. Summary judgment must be entered for the defendant.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: September 10, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Issac B. Pearson ML-2492
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001